THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LEANNE CROWE and LEVI CROWE,<br><br>Plaintiffs,<br><br>v.<br><br>SRR PARTNERS, LLC d/b/a SORREL RIVER RANCH RESORT & SPA, JJ'S MERCANTILE, LLC, and ELIZABETH RAD,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS<br><br>Case No. 4:21-cv-00108-TS-PK<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants SRR Partners, LLC d/b/a Sorrel River Ranch Resort & Spa ("SRR") and JJ's Mercantile, LLC's ("JJ's") Motion to Dismiss Plaintiffs' Second, Fifth, Sixth, Seventh, and Eighth Causes of Action ("SRR's Motion to Dismiss")[1] and Defendant Elizabeth Rad's Motion to Dismiss Plaintiffs' Fifth, Sixth, Seventh, and Eighth Causes of Action ("Rad's Motion to Dismiss").[2] For the following reasons, the Court will grant the Motions in part and deny them in part.

---

[1] Docket No. 12.

[2] Docket No. 18.

I.     BACKGROUND[3]

Defendant SRR operates a luxury resort located in Moab, Utah.[4] Defendant JJ's operates a retail store located at the SRR ranch.[5] Defendant Rad is the owner of both SRR and JJ's.[6] On March 18, 2020, SRR made Plaintiff Leanne Crowe an employment offer to be SRR's Human Resources ("HR") Director, a salaried position.[7] Leanne accepted the offer and began working for SRR on April 6, 2020.[8] Plaintiff Levi Crowe was subsequently hired by SRR as a maintenance worker and began work in May 2020.[9]

Plaintiffs allege that shortly after Leanne began working for SRR, Rad informed Leanne that she would also act as the HR Director of JJ's, in addition to her work for SRR.[10] Leanne began working as JJ's HR Director, however, no formal paperwork reflected her newly assigned role for JJ's, nor did she receive any additional compensation.[11] Leanne and Levi received paychecks and W-2 forms from SRR, but not from JJ's.[12] Leanne alleges she worked approximately 480 hours for JJ's between April 2020 and October 2020.[13] For the first few

---

[3] Unless stated otherwise, the facts in this Order are taken from Plaintiffs' Complaint and are presumed true for the purposes of this Order.

[4] Docket No. 2 ¶ 2; Docket No. 12, at 1.

[5] Docket No. 2 ¶¶ 4–5.

[6] *Id.* ¶ 6.

[7] *Id.* ¶ 13.

[8] *Id.* ¶ 14.

[9] *Id.* ¶¶ 16–17.

[10] *Id.* ¶¶ 19, 103.

[11] *Id.* ¶¶ 21, 23, 107.

[12] *Id.* ¶ 24.

[13] *Id.* ¶ 25.

months after being hired, Leanne and Levi allege they both worked full-time for SRR and received positive feedback on their job performance.[14]

Beginning in September 2020, Leanne started having health issues. On September 13, 2020, Leanne went to the emergency room in Moab, Utah, where doctors discovered a blood clot in her lungs and a large mass in her pelvis.[15] An oncologist subsequently diagnosed her with ovarian cancer and scheduled surgery for October 1, 2020.[16]

Leanne notified SRR in late September 2020 of her expected surgery. On September 20, 2020, she requested leave for surgery and accommodation to work remotely during recovery, and asked for documentation of her requested accommodation.[17] Plaintiffs allege Defendant SRR told Leanne they "would get back with her" on the request for documentation.[18] After another emergency room visit on September 28, 2020, Leanne was transferred by ambulance to a hospital in Denver, Colorado, where she stayed until her surgery on October 1, 2020.[19] Leanne was officially diagnosed at that time with stage 3 small cell ovarian cancer.[20] On the day of her surgery, Leanne informed SRR and Rad of her cancer diagnosis and again requested an accommodation to work remotely as she underwent chemotherapy treatment.[21]

---

[14] *Id.* ¶ 18.
[15] *Id.* ¶ 26.
[16] *Id.* ¶ 28.
[17] *Id.* ¶¶ 29–30.
[18] *Id.* ¶ 30.
[19] *Id.* ¶¶ 33–34.
[20] *Id.* ¶ 34.
[21] *Id.* ¶¶ 93–94.

After surgery, Leanne worked remotely from October 3, 2020, through October 8, 2020.[22] SRR terminated Leanne on October 8, 2020.[23] Plaintiffs allege SRR told Leanne her termination was based on SRR "need[ing] someone on site immediately."[24] SRR terminated Levi's employment "a few days" after terminating Leanne's employment.[25]

Plaintiffs filed their Complaint on November 1, 2021, alleging eight claims, including several claims against SRR for violations of the Americans with Disabilities Act ("ADA");[26] claims against SRR and Rad for intentional and negligent infliction of emotional distress; and claims against Rad and JJ's for unjust enrichment and violations of the Fair Labor Standards Act ("FLSA").[27]

Defendants SRR and JJ's jointly move to dismiss five of Plaintiffs' eight claims including Levi's claim for associational discrimination under the ADA and Leanne's claims for intentional and negligent infliction of emotional distress, unjust enrichment, and violations of the FLSA.[28] Defendant Rad also moves to dismiss Leanne's claims for intentional and negligent infliction of emotional distress, unjust enrichment, and violations of the FLSA.[29]

## II.   DISCUSSION

Defendants move to dismiss claims under Fed. R. Civ. P. 12(b)(6). When evaluating a complaint under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded factual allegations,

---

[22] *Id.* ¶ 35.

[23] *Id.*

[24] *Id.* ¶ 36.

[25] *Id.* ¶ 41.

[26] 42 U.S.C. §§ 12101–12213.

[27] 29 U.S.C. §§ 201–219; Docket No. 2, at 1.

[28] Docket No. 12, at 1.

[29] Docket No. 18, at 1.

4

as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[30] The Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[31] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[32] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[33]

In considering a motion to dismiss, a district court considers the complaint, any attached exhibits,[34] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[35] The Court may also consider other documents "referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[36]

A. LEVI CROWE'S ADA DISCRIMINATION CLAIM

Plaintiffs' second claim alleges SRR discriminated against Levi Crowe by terminating him for his association with Leanne Crowe and her disability, in violation of the ADA.[37] The ADA requires a plaintiff to exhaust administrative remedies before filing a civil suit.[38]

---

[30] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[31] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[33] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

[34] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[35] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[36] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[37] Docket No. 2 ¶¶ 54–64.

[38] *Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021).

Exhaustion under the ADA requires the claimant to file an administrative charge within 300 days of the alleged discriminatory action.[39] Plaintiffs acknowledge Levi did not exhaust his administrative remedies but argue he was not required to do so because Leanne timely exhausted her administrative remedies, which qualified Levi's claim under the "single filing" or "piggybacking" exception to the administrative exhaustion requirement.[40]

The Tenth Circuit has long recognized at least one narrow exception to the administrative exhaustion requirement, called "single filing" or "piggybacking."[41] This exception allows a qualifying plaintiff in a non-class action suit to bring individual claims without independently exhausting administrative notice requirements when at least one other plaintiff has exhausted administrative remedies.[42]

Courts have employed several different tests to determine when the "single filing" or "piggybacking" exception applies.[43] To pass the broader test, the claims of a non-filing plaintiff must "arise out of the same circumstances and occur within the same general time frame" as the administrative charges of the charge-filing plaintiff.[44] In other words, a subsequent plaintiff may only "piggyback" on a claim if he could have filed a timely charge of discrimination at the time the charge-filing plaintiff filed with the EEOC.[45] To pass the narrower test, the administrative

---

[39] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006).

[40] Docket No. 23, at 4–5.

[41] *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004) (internal citations omitted).

[42] *Id.*

[43] *Id.* at 1197–98.

[44] *Id.* at 1197 (quoting *Howlett v. Holiday Inns, Inc.*, 489 F.3d 189, 195 (6th Cir. 1995)); *Fulcher v. City of Wichita*, 387 F. App'x 861, 862 (10th Cir. 2010).

[45] *Thiessen v. Gen Elec. Cap. Corp.*, 267 F.3d 1095, 1111 (10th Cir. 2001); *Fulcher v. City of Wichita*, 445 F. Supp. 2d 1271, 1278–79 (D. Kan. 2006).

charge of the filing plaintiff must "*purport to represent* . . . [those] similarly situated" to the alleged discrimination.[46] The Tenth Circuit has yet to adopt the broad or narrow version of the test,[47] and district courts within the Tenth Circuit are varied in their application.[48]

The Tenth Circuit has characterized the policy behind the single-filing rule as avoiding the "wasteful, if not vain," process of requiring employees "having the same grievance" to file "identical complaints with the EEOC."[49] The act of filing an administrative complaint is wasteful when "the employer is already on notice that plaintiffs may file discrimination claims, thus negating the need for additional filings."[50] "As long as the EEOC and the company are aware of the nature and scope of the allegations, the purposes behind the filing requirement are satisfied and no injustice or contravention of congressional intent occurs by allowing piggybacking."[51]

Levi's discrimination claim does not satisfy the "single filing" or "piggybacking" exception. Leanne claims Defendants directly discriminated against her for having a cancer-related disability and seeking a remote work accommodation.[52] Levi alleges he was

---

[46] *Foster*, 365 F.3d at 1197–98 (quoting *Howlett,* 49 F.3d at 195) (emphasis added).

[47] *Id.* at 1199.

[48] *See, e.g., Aguilar v. Schiff Nutrition Int'l, Inc.,* No. 2:07-CV-504-TC, 2008 WL 4526051, at *10–12 (D. Utah 2008) (applying the broad test in qualifying the unexhaustive plaintiff for the single-file exception); *see also Fulcher v. City of Wichita,* No. 06-2095-EFM, 2009 WL 6832587, at *3–7 (D. Kan. 2009), *aff'd*, 387 F. App'x 861 (10th Cir. 2010) (applying the narrower single-file test to dismiss most unexhausted Plaintiff's claims).

[49] *Raymond v. Spirit Aerosystems Holdings, Inc.*, No. 16-1282-JWB, 2020 WL 4596862, at *7 (D. Kan. 2020) (citing *Thiessen*, 267 F.3d at 1110).

[50] *Fulcher*, 2009 WL 6832587, at *3 (internal citation omitted).

[51] *Thiessen*, 267 F.3d at 1110 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1223 (5th Cir. 2001) (internal citation omitted).

[52] Docket No. 2 ¶¶ 43–53.

discriminated against for his association with Leanne and her disability, inferred from the fact that he was fired "a few days [after Leanne was fired] . . . as he turned in the paper for health insurance."[53] Levi could not have filed a charge of discrimination at the time of Leanne's termination, because he did not yet have a cause of action. He also failed to put Defendants adequately on notice of a pending ADA discrimination claim, because he did not file his own discrimination charge nor is his termination referenced in Leanne's charge, despite Leanne filing her charge more than a month after SRR terminated Levi's employment.[54] Levi's claim therefore fails both the broad and narrow test for the "single filing" or "piggybacking" exception. Levi is presently unable to exhaust his administrative remedies with an amended pleading because the period for filing with the EEOC has expired,[55] therefore this claim is dismissed with prejudice.[56]

B.  IIED AND NIED CLAIMS

Plaintiffs' fifth and sixth claims allege that SRR and Rad's termination of Leanne Crowe, which left her without insurance shortly after being diagnosed with stage-3 cancer, was intolerable and outrageous, and amounts to intentional infliction of emotional distress ("IIED") or negligent infliction of emotional distress ("NIED").[57] Defendants argue both claims are barred by an exclusive remedy provision of the Utah Workers' Compensation Act ("UWCA").[58]

---

[53] *Id*. ¶¶ 41, 54–64.

[54] Docket No. 24-1.

[55] The ADA requires a claimant to file a charge with the EEOC within 300 days of the alleged discriminatory action. *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006).

[56] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

[57] Docket No. 2 ¶¶ 82–99.

[58] Utah Code Ann. § 34A-2-105; *see also* Docket No. 12, at 5.

8

The UWCA "is intended to be the exclusive remedy an employee has against an employer for any injury incurred by the employee arising out of [his or her] employment."[59] The exclusive remedy provision includes both physical and mental injuries.[60] However, the UWCA's exclusive-remedy provision does not bar civil claims if the intentional-injury exception applies.[61]

The intentional-injury exception applies if a party "assert[s] sufficient facts to support a reasonable inference that the employer knew the injury was virtually certain to occur."[62] This is a high bar. Plaintiffs must allege facts beyond SRR or Rad having a "knowledge or appreciation of risk" or even that SRR or Rad were aware "some injury was substantially certain to occur at some time."[63] Instead, the facts must support a reasonable inference that the employer believed injury was virtually certain to occur.[28] Leanne has failed to plead sufficient facts to create a reasonable inference that SRR or Rad knew her alleged injuries were virtually certain to occur. Both claims can be dismissed for this deficiency. Furthermore, claims sounding in negligence are barred by the exclusive remedy provision of the UWCA, which means Leanne's NIED claim cannot be revived through amended pleading and is dismissed with prejudice.[64]

Even if Leanne's claim survived the UWCA's exclusive remedy bar, she has failed to sufficiently plead her claim for IIED. To sustain a claim for IIED, Leanne must sufficiently plead

---

[59] *Matthews v. Kennecott Utah Copper Corp.*, 54 F. Supp. 2d 1067, 1076 (D. Utah 1999).

[60] *Id.* (citing *Mounteer v. Utah Power & Light Co.*, 823 P.2d 1055, 1057 (Utah 1991)).

[61] *Christiansen v. Harrison W. Constr. Corp.*, 2021 UT 65, ¶ 16, 500 P.3d 825; *Kay v. Barnes Bullets*, 2022 UT 3, ¶ 14, 506 P.3d 530.

[62] *Christiansen*, 2021 UT 65, ¶ 18 (citing *Helf v. Chevron U.S.A., Inc. (Helf II)*, 2015 UT 81, ¶ 47, 361 P.3d 63).

[63] *Id.* ¶¶ 20–21.

[64] *See Helf v. Chevron U.S.A., Inc. (Helf I)*, 2009 UT 11, ¶ 24, 203 P.3d 962 ("negligent or accidental injuries . . . are covered by the exclusive remedy provision of the Act.").

that: (1) Defendants intentionally engaged in some conduct toward her that was "outrageous and intolerable" and offends the "generally accepted standards of decency and morality;" (2) Defendants "intended to cause, or acted in reckless disregard of the likelihood of causing, emotional distress;" (3) severe emotional distress resulted as a direct result; and (4) Defendant's actions "proximately caused the emotional distress."[65]

Leanne's burden of proving outrageous conduct is a heavy one.[66] If a trial court determines that a defendant's conduct "was not outrageous as a matter of law, then the plaintiff's claim fails."[67] Utah courts have repeatedly found termination alone without attendant "outrageous conduct" to be insufficient for an IIED claim.[68] "While termination can be an emotionally distressing event in one's life, mere termination alone does not constitute the intentional infliction of emotional distress."[69] For conduct to be sufficiently outrageous, it "must evoke outrage or revulsion" and be more than "unreasonable, unkind, or unfair."[70] Conduct is not outrageous simply because it is "tortious, injurious, or malicious, or because it would give rise to punitive damages, or because it is illegal."[71]

Leanne alleges that her termination, leaving her without insurance while fighting cancer, was outrageous.[72] SRR provided an explanation for Leanne's termination, however, stating they

---

[65] *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 37, 56 P.3d 524.

[66] *Matthews,* 54 F. Supp. 2d at 1075.

[67] *Prince,* 2002 UT 68, ¶ 38.

[68] *Id.*

[69] *Larson v. SYSCO*, 767 P.2d 557, 561 (Utah 1989).

[70] *Nguyen v. IHC Health Servs., Inc.*, 2010 UT App 85, ¶ 9, 232 P.3d 529 (quoting *Franco v. Church of Jesus Christ of Latter-day Saints*, 2001 UT 25, ¶ 28, 21 P.3d 198).

[71] *Franco,* 2001 UT 25, ¶ 28 (quoting 86 C.J.S. Torts § 70 (1997)).

[72] Docket No. 2 ¶¶ 87–88.

"need[ed] someone on site immediately."[73] Terminating an employee who is battling cancer may be "unreasonable, unkind, or unfair,"[74] but that does not amount to "outrageous" conduct and is therefore insufficient under Utah law to state an IIED claim. Leanne's claim against SRR and Rad for IIED will therefore be dismissed.

   C.  UNJUST ENRICHMENT CLAIM

Plaintiffs' seventh claim alleges JJ's and Rad were unjustly enriched by Leanne's 480 hours (approximately) of work for JJ's, for which she was not paid.[75] In Utah, the elements of an unjust enrichment claim include: (1) the plaintiff conferred a benefit to the defendant, (2) the defendant was aware of that benefit, and (3) it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value.[76] Leanne alleges (1) she provided the benefit of her work to JJ's by acting as its HR Director, (2) that JJ's was aware of the benefit, given that Rad asked her to perform the work, and (3) she was not paid for the benefit of her labor.[77]

Defendants argue that Leanne is barred from bringing an unjust enrichment claim because Plaintiffs have other adequate remedies at law available, including remedies under the Utah Payment of Wages Act ("UPWA") and the Fair Labor Standards Act ("FLSA").[78] Generally, establishing a *prima facie* case for unjust enrichment in Utah does not require proving "the absence of an adequate remedy at law."[79] Utah pleading rules also entitle parties to plead in

---

[73] *Id.* ¶ 36.

[74] *Nguyen*, 2010 UT App 85, ¶ 9.

[75] Docket No. 2 ¶¶ 100–13.

[76] *Prudential Ins. Co. Am. v. Sagers*, 421 F. Supp. 3d 1199, 1210 (D. Utah 2019).

[77] Docket No. 2 ¶¶ 106–07.

[78] Docket No. 12, at 7.

[79] *Johnson v. Blendtec, Inc.*, 500 F. Supp. 3d 1271, 1292 (D. Utah 2020) (quoting *In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867, 917 (E.D. Pa. 2012)); *Hiatt v. Brigham Young University*, 512 F. Supp. 3d 1180, 1188 (D. Utah 2021).

the alternative, even pleading inconsistent claims.[80] However, this court has established that wage compensation claims under the FLSA preempt state common law claims that are "based on the same facts and circumstances."[81] This Court agrees with the numerous other courts that have found "the FLSA's civil enforcement scheme to be exclusive," and thus preemptive of any state common law claims that are duplicative of a plaintiff's FLSA causes of action.[82] Leanne's unjust enrichment claim and FLSA unpaid wages claim are based on the work she performed for Rad and JJ's between April and October in 2020, which totaled an estimated $22,500.[83] The factual allegations of Leanne's unjust enrichment claim are identical to her FLSA claim. Leanne's claim for unjust enrichment against JJ's is therefore preempted by her FLSA claim and must be dismissed.

Leanne's unjust enrichment claim against Rad also fails. Under Utah law, a member of an LLC "is not personally liable, directly or indirectly" for a "liability of the limited liability company solely by reason of being or acting as a member or manager."[84] Leanne has not alleged any facts that demonstrate Rad acted outside her role as manager of JJ's or facts that demonstrate Rad should be held personally liable for Leanne's claim of unjust enrichment. The claim for unjust enrichment against Rad must therefore be dismissed.

---

[80] *Helf II*, 2015 UT 81, ¶ 75–76 (citing Utah R. Civ. P. 8(e)).

[81] *Johnston v. Davis Sec., Inc.*, 217 F.Supp.2d 1224, 1227–28 (D. Utah 2002); *Stephenson v. All Resort Coach, Inc.*, 2:12-CV-1097 TS, 2013 WL 4519781, at *9 (D. Utah 2013).

[82] *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 530–31 (E.D.N.Y. 2011).

[83] Docket No. 2 ¶ 121–23.

[84] Utah Code Ann. § 48-3a-304(1).

### D. UNPAID WAGES UNDER THE FLSA

Plaintiffs' eighth claim alleges Rad and JJ's withheld compensation from Leanne Crowe for work performed between April 2020 and October 2020, in violation of the Fair Labor Standards Act ("FLSA").[85] Under the FLSA, employers must pay their employees at least $7.25 an hour.[86] The FLSA provides liability for employers who violate wage requirements for regular or overtime hours.[87] Leanne alleges she worked 20–25 hours per week for JJ's while working full time for SRR and never received compensation for these hours.[88] Leanne's allegations constitute a *prima facie* wage claim against JJ's under the FLSA.

Leanne also asserts a FLSA claim against Rad. To do so, she must sufficiently allege Rad is an employer under the FLSA. Defendant Rad argues that Plaintiffs' claim cannot "impute liability against Ms. Rad . . . for the alleged acts of [JJ's]."[89] While the Tenth Circuit has not ruled on individual liability under the FLSA, a number of other circuits have found that the FLSA provides for individual liability, as determined by the economic realities test.[90] Under the

---

[85] Docket No. 2 ¶¶ 114–125.

[86] 29 U.S.C. § 206(a)(1)(C).

[87] *Id.* § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.").

[88] Docket No. 2 ¶ 106.

[89] Docket No. 18, at 4.

[90] *See, e.g., Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983) (noting that there may even be "several simultaneous employers"); *Irizarry v. Catsimatidis*, 722 F.3d 99, 103–117 (2d Cir. 2013) (considering operational control and power over employees to determine individual liability); *Gray v. Powers*, 673 F.3d 352, 354–57 (5th Cir. 2012) (weighing an individual's power to hire and fire employees, supervision or control of employee work schedules or conditions of employment, and other factors to determine individual liability). Nearly every circuit has ruled that a corporate officer may be held individually liable under the FLSA.

13

economic realities test, an individual's operational control plays a central role in determining whether the individual is an employer for purposes of the FLSA. The Tenth Circuit weighs several factors when applying the economic realities test, including "whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records."[91] No one factor is dispositive and courts look at the totality of the circumstances.[92]

Plaintiffs have sufficiently pleaded that Rad is an employer under the FLSA. Leanne alleges that Rad is the only member of JJ's, instructed Leanne to work as JJ's HR Director, controlled paperwork for JJ's, was scheduled to meet with Leanne to discuss Leanne's surgery, was involved with evaluating Leanne's request for accommodation, and requested that Leanne be terminated.[93] The totality of these allegations sufficiently demonstrate Rad is an employer under the FLSA at this stage of the proceedings. Plaintiffs' claim for unpaid wages under the FLSA against Rad and JJ's therefore survives the Motions.

### III.   ORDER

IT IS HEREBY ORDERED that SRR's Motion to Dismiss (Docket No. 12) and Rad's Motion to Dismiss (Docket No. 18) are GRANTED IN PART and DENIED IN PART as set forth above.

IT IS FURTHER ORDERED that Defendants must answer or otherwise respond to the surviving causes of action in Plaintiffs' Complaint within 14 days.

---

[91] *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998).

[92] *Id.* at 1441.

[93] Docket No. 2 ¶¶ 4, 19, 30, 86.

IT IS FURTHER ORDERED that the parties comply with Paragraph 2 of the Order to Prepare Schedule and Prepare for Case Management Conference (Docket No. 3) within 14 days.

Dated September 30, 2022.

BY THE COURT

_____
Ted Stewart
United States District Judge