IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LEANNE CROWE and LEVI CROWE,[1]<br><br>Plaintiffs,<br><br>v.<br><br>SRR PARTNERS, LLC d/b/a SORREL RIVER RANCH RESORT & SPA, JJ'S MERCANTILE, LLC, and ELIZABETH RAD,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' DISCOVERY REQUESTS<br><br><br>Case No. 4:21-cv-00108-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff Leanne Crowe's Motion for Extension of Time to Respond to Defendants' Discovery Requests.[2] This Motion has been referred to the undersigned by District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons discussed below, the Court denies the Motion.

I. BACKGROUND

Defendants served discovery requests on Plaintiff on May 19, 2023,[3] making her response due June 20, 2023.[4] Plaintiff's counsel mistakenly believed that the response was due on June 30, 2023, based on a footer that was apparently generated by her web browser when the

---

[1] The causes of action brought by Plaintiff Levi Crowe have been dismissed.

[2] Docket No. 52, filed June 29, 2023.

[3] Docket No. 54-1.

[4] *See* Fed. R. Civ. P. 6(a)(1), 33(b)(2), 34(b)(2)(A), 36(a)(3).

1

discovery requests were opened.[5] On June 28, 2023, Plaintiff's counsel sought an extension from Defendants to respond to the discovery requests.[6] In response, Defendants' counsel stated that Plaintiff's response deadline had expired.[7] Plaintiff then sought this extension with the Court.

## II.  DISCUSSION

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[8]  In determining whether a party's neglect is excusable, the Court considers: (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party.[9]

Here, there is no danger of prejudice to Defendants, the length of the delay is minimal, and Plaintiff has provided evidence of good faith. However, "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[10] The Supreme Court has made clear that "inadvertence, ignorance of the rules, or

---

[5] Docket No. 52-1, at 1, 4-38; Docket No. 52-7.

[6] Docket No. 54-4, at 2.

[7] *Id.* at 3.

[8] Fed. R. Civ. P. 6(b).

[9] *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004).

[10] *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994); *see also Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) ("The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect.").

mistakes construing the rules do not usually constitute 'excusable' neglect."[11] Similarly, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."[12] Additionally, the Tenth Circuit has refused to find excusable neglect when "[t]he reason for the delay . . . was simply that defense counsel confused the filing deadlines for civil and criminal appeals."[13]

The Court cannot find excusable neglect under the circumstances presented here. Counsel was served via email with Defendants' discovery requests on May 19, 2023.[14] Instead of relying on the service date on both the email and the discovery requests, counsel erroneously used a date in a footer—apparently generated by her web browser when the documents were opened—to calculate her response time. This is simply not excusable given the clear notice in both the email and the discovery requests that they were served on May 19. This is the type of inadvertence and misinterpretation that does not constitute excusable neglect in this circuit.[15] Therefore, Plaintiff's Motion must be denied.

Because Plaintiff has failed to respond to Defendants' discovery requests and has failed to show excusable neglect, Defendants' requests for admission are deemed admitted.[16]

---

[11] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

[12] *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (citations and internal quotation marks omitted) (discussing equitable tolling of the deadline of 28 U.S.C. § 2244(d)(1)); *see also Biodiversity Conservation All. v. BLM*, 438 F. App'x 669, 673 (10th Cir. 2011) (finding that counsel's miscalculation of a deadline cannot constitute excusable neglect).

[13] *Torres*, 372 F.3d at 1163.

[14] Docket No. 54-1; Docket No. 54-2, at 23; Docket No. 54-3, at 14.

[15] *See Perez*, 847 F.3d at 1253 (finding that "counsel's failure to properly docket the answer's due date" did not constitute excusable neglect).

[16] Fed. R. Civ. P. 36(a)(3).

Additionally, Plaintiff has waived any objection to Defendants' interrogatories and requests for production.[17] Plaintiff is to provide complete responses to Defendants' interrogatories and requests for production no later than August 11, 2023.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff Leanne Crowe's Motion for Extension of Time to Respond to Defendants' Discovery Requests (Docket No. 52) is DENIED.

DATED this 21st day of July, 2023.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[17] Fed. R. Civ. P. 33(b)(4); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000) (noting that "a failure to object to requests for production of documents within the time permitted by the federal rules has been held to constitute a waiver of any objection").