IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LEANNE CROWE and LEVI CROWE,[1]<br><br>Plaintiffs,<br><br>v.<br><br>SRR PARTNERS, LLC d/b/a SORREL RIVER RANCH RESORT & SPA, JJ'S MERCANTILE, LLC, and ELIZABETH RAD,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 4:21-cv-00108-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendants' Motion to Dismiss.[2] Defendants seek dismissal as a sanction for Plaintiff failing to comply with the Court's previous order, which ordered her to provide complete responses to Defendants' interrogatories and requests for production no later than August 11, 2023.[3] This Motion has been referred to the undersigned by District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons discussed below, the Court denies the Motion to the extent it seeks dismissal, but imposes sanctions for Plaintiff's failure to comply with the Court's ruling.

---

[1] The causes of action brought by Plaintiff Levi Crowe have been dismissed.

[2] Docket No. 58, filed August 14, 2023.

[3] Docket No. 57.

1

I.  BACKGROUND

Defendants served discovery requests on Plaintiff on May 19, 2023,[4] making her response due June 20, 2023.[5] Plaintiff's counsel mistakenly believed that the response was due on June 30, 2023, based on a footer that was apparently generated by her web browser when the discovery requests were opened.[6] On June 28, 2023, Plaintiff's counsel sought an extension from Defendants to respond to the discovery requests.[7] In response, Defendants' counsel stated that Plaintiff's response deadline had expired.[8] Plaintiff then sought an extension with the Court.[9]

On July 21, 2023, the Court denied Plaintiff's request for an extension, finding that she had failed to demonstrate excusable neglect.[10] Because of this, Defendants' requests for admission were deemed admitted.[11] Additionally, the Court found that Plaintiff waived any objection to Defendants' interrogatories and requests for production[12] and required her to provide complete responses to Defendants' interrogatories and requests for production no later than August 11, 2023.

---

[4] Docket No. 54-1.

[5] *See* Fed. R. Civ. P. 6(a)(1), 33(b)(2), 34(b)(2)(A), 36(a)(3).

[6] Docket No. 52-1, at 1, 4–38; Docket No. 52-7.

[7] Docket No. 54-4, at 2.

[8] *Id.* at 3.

[9] Docket No. 52.

[10] Docket No. 57.

[11] Fed. R. Civ. P. 36(a)(3).

[12] Fed. R. Civ. P. 33(b)(4); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000) (noting that "a failure to object to requests for production of documents within the time permitted by the federal rules has been held to constitute a waiver of any objection").

Plaintiff failed to provide responses to Defendants' interrogatories and requests for production as ordered. Instead, Plaintiff served them on August 16, 2023, after Defendants filed the instant Motion.

## II.  DISCUSSION

Federal Rule of Civil Procedure 16(f)(1)(C) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order."[13] Rule 37(b)(2)(A) provides for sanctions including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[14]

When determining the appropriate sanctions under Rule 37(b)(2)(A), a court must consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[15]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of

---

[13] Fed. R. Civ. P. 16(f)(1)(C).

[14] Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii).

[15] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

justice.'"[16] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[17] Furthermore, the *Ehrenhaus* factors listed above are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction."[18] The Court considers each factor below.

Prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[19] Here, Defendants have been prejudiced by Plaintiff's failure to timely and fully provide discovery. As such, this factor weighs in favor of sanctions.

---

[16] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.3d 1394, 1396 (10th Cir. 1988)).

[17] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) *abrogated on other grounds by Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2016)).

[18] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[19] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that delay "would prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

Turning to the amount of interference with the judicial process and Plaintiff's culpability, the Tenth Circuit has articulated that while "dismissal is a drastic sanction, it is appropriate in cases of willful misconduct."[20] It has further defined a "'willful failure' to mean 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'"[21]

Plaintiff's conduct has certainly slowed the ability to resolve this action. However, her failure to provide discovery appears to be based on her counsel's negligence, rather than any willful conduct on behalf of Plaintiff. Moreover, the parties have been able to proceed with some discovery despite Plaintiff's failure.

To comply with due process interests, the Court must be convinced that proper notice and warning were given before it can impose a severe sanction. Such a warning need not be express; constructive notice is sufficient.[22] Here, the Court has not warned Plaintiff that dismissal was a possible sanction for failure to provide responses to Defendants' interrogatories and requests for production as ordered. Nothing in the Court's previous ruling suggests that such a drastic sanction would be imposed should Plaintiff miss the Court's deadline. Therefore, this factor weighs against dismissal as a sanction. However, the Court does warn Plaintiff now that future violations of Court orders will result in increasingly harsh sanctions, up to and including dismissal.

---

[20] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 920).

[21] *Id.* (quoting *Sheftelman v. Standard Metals Corp.,* 817 F.2d 625, 628–29 (10th Cir. 1987).

[22] *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1149–50 (10th Cir. 2007).

Finally, the Court believes that lesser sanctions are sufficient to remedy any prejudice and to ensure future compliance. Plaintiff's counsel has already offered to pay Defendants' their fees and expenses in bringing this Motion. Fed. R. Civ. P. 37(b)(2)(C) allows the Court to order the disobedient party or their counsel to pay reasonable expenses, including attorney's fees, caused by their failure. Here, Plaintiff's counsel states that the failure to timely serve responses to Defendants' interrogatories and requests for production as ordered was her fault. There is nothing before the Court to contradict this. Therefore, the Court orders Plaintiff's counsel to pay Defendants' all reasonable expenses, including attorney's fees, associated with the filing of this Motion. Defendants' counsel shall provide a declaration outlining said fees within fourteen (14) days of this Order, and the parties are to meet and confer about the requested amount. If the parties are unable to agree to the amount to be paid, they are to contact the Court.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Dismissal (Docket No. 58) is DENIED IN PART as set forth above.

DATED this 7th day of November, 2023.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge